# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Evelia C., <br><br> Plaintiffs, <br><br> v. <br><br> Martin O'Malley,[1] Commissioner of Social Security, <br><br> Defendants. | Case No. 2:23-cv-00661-DJA <br><br> **Order** |

    On April 27, 2023, Plaintiff Evelia C. initiated this action, which involves judicial review of an administrative action by the Commissioner of Social Security, denying her claim for disability benefits under the Social Security Act. (ECF No. 1). On June 22, 2023, the Commissioner filed the certified administrative record. (ECF No. 7). Thus, under Rule 6 of the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g), Plaintiff had until July 24, 2023 to file her motion for reversal/remand, but she failed to do so.

    The Court entered an order to show cause on August 8, 2024, requiring Plaintiff to show cause why the Court should not dismiss the action for Plaintiff's failure to prosecute the case. (ECF No. 9). In that order, the Court cautioned Plaintiff that "failure to comply with this order may result in the imposition of sanctions." (*Id.*). Plaintiff has failed to comply with the Court's order and has not taken any further action in this case.

    District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate ... dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or

---

[1] Martin O'Malley is now the Commissioner of Social Security and substituted as a party.

failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).  In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  *Thompson*, 782 F.2d at 831; *Henderson v. Duncan*, 779 F.2d 1421, 1423-24 (9th Cir. 1986); *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

      The Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a Court's warning to a party that her failure to obey the Court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  In the order directing Plaintiff to file a response to the order to show cause, the Court cautioned Plaintiff that the Court was considering dismissing the action for Plaintiff's failure to prosecute and that failure to comply with the order may result in sanctions.  (ECF No. 9).  So, Plaintiff had adequate warning that dismissal could result from her noncompliance with the Court's order.

1 **IT IS THEREFORE ORDERED** that Plaintiff's case is **dismissed without prejudice.**
2 The Clerk of Court is kindly directed to enter judgment accordingly and close this case.

4 DATED: August 26, 2024

5 _____
DANIEL J. ALBREGTS
6 UNITED STATES MAGISTRATE JUDGE